UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AVATARA, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cv-00944-SEP |
| CRESCENT HOMES SC, LLC, | ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff Avatara, LLC's Motion to Remand. Doc. [24]. For the following reasons, the Court grants the motion.

Plaintiff Avatara, LLC filed this case in Missouri state court, *see* Doc. [4], and Crescent Homes SC, LLC timely removed, Doc. [1]. Avatara alleges that it entered into a contract with Crescent Homes to provide a package of information technology services. Doc. [4] ¶ 5. Crescent Homes eventually terminated the agreement, though Avatara complains that Crescent Homes improperly did so. *Id.* ¶¶ 11, 20-23, 27-32. Importantly, the contract between Avatara and Crescent Homes contained the following forum-selection and choice-of-law provision:

> 11.4  **Governing Law**.  The parties hereby agree that any dispute related to non-payment for services shall be governed by, and construed and enforced in accordance with, the laws of the State of Missouri.  Any other dispute arising out a [sic] breach of the service obligations set forth in this agreement shall be subject to the laws of the State of South Carolina and adjudication of such dispute shall be before a court located in in [sic] Charleston County, South Carolina.  The parties agree and they hereby submit to the exclusive jurisdiction of the courts of the State of Missouri or South Carolina, depending upon the nature of the dispute between them.

Doc. [4-1] at 6.

Avatara moves for remand because this clause "grants exclusive jurisdiction of this action to Missouri and South Carolina state courts," Doc. [25] at 1, and the Court agrees that this clause requires remand.  "[F]orum selection clauses that use the term 'in [a state]' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of [a state]' connote sovereignty,

limiting jurisdiction over the parties' dispute to the state courts of the named state." *FindWhere Holdings, Inc. v. Systems Environment Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) (second and third alteration in original) (first quoting *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1082 (9th Cir. 2009), and then citing *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926 (10th Cir. 2005); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003); *LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*, 739 F.2d 4, 7 (1st Cir. 1984)). The clause provides that "[t]he parties agree and they hereby submit to the exclusive jurisdiction of the courts of the State of Missouri or South Carolina." Doc. [4-1] at 6. Thus, the parties unambiguously expressed their forum-selection decision in terms of sovereignty, which "excludes jurisdiction in the federal courts in [Missouri and South Carolina]." *FindWhere Holdings, Inc.*, 626 F.3d at 755.

In response, Crescent Homes does not contest the validity or enforceability of the parties' forum-selection agreement. Instead, Crescent Homes argues that the contract language "providing for venue 'in a county' does not limit jurisdiction to the state courts," and provides cases supporting that proposition. Doc. [26] at 2-3. But Crescent Homes ignores the exclusive-jurisdiction provision in its contract and the fact that the Court must "giv[e] meaning to all contract provisions." *Ferbet v. Hidden Valley Golf and Ski, Inc.*, 618 S.W.3d 596, 605 (Mo. Ct. App. 2020); *Bluffton Towne Center, LLC v. Gilleland-Prince*, 772 S.E.2d 882, 890 (S.C. Ct. App. 2015) (same). Thus, the Court enforces the parties' decision to "submit to the exclusive jurisdiction of the courts of the State of Missouri or South Carolina." Doc. [4-1] at 6.

Enforcement of a forum-selection clause is a "proper, non-statutory ground for remand." *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1214 (6th Cir. 1991); *cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 354 (1988). Further, a motion to remand on this basis does not implicate the 30-day time limit imposed on motions to remand due to "any defect in removal procedure." 28 U.S.C. § 1447(c); *Foster*, 933 F.2d at 1213; *see Melahn v. Pennock Ins. Inc.*, 965 F.2d 1497, 1502-03 (8th Cir. 1992) (adopting the Sixth Circuit's reading of § 1447(c) articulated in *Foster*). Because the parties' forum-selection clause commits the adjudication of this case to the state courts of either Missouri or South Carolina, the Court remands the case.

Finally, Avatara requests the Court award it the fees and costs associated with the removal of this case. *See* 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141

2

(2005).  Because Avatara itself failed to raise the dispositive issue discussed above until the Court pointed it out, *see* Doc. [22], the Court cannot say that Crescent Homes "lacked an objectively reasonable basis for seeking removal."  *Id.*  Thus, the Court denies the request for fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Avatara, LLC's Motion to Remand, Doc. [24], is **GRANTED** and the case is **REMANDED** to the St. Louis County Circuit Court.  The Court directs the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court.

Dated this 30th day of November, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE